IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-256
(3:06-cr-199-RJC-2)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RAYMOND DUANE JONES | ) | |
| | ) | |

**THIS MATTER** is before the Court letter of the defendant seeking to vacate his judgment and resentence him based on an amendment to the United States Sentencing Guidelines. (Doc. No. 1). Based on the requested relief, the Court will consider the letter as a Motion to Vacate, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's motion will be dismissed.

I. BACKGROUND

On November 19, 2007, the Court sentenced Petitioner to 105-months' imprisonment for Hobbs Act robbery, and 120 consecutive months for using, carrying, and discharging a firearm in relation to a crime of violence. (Case No. 3:06-cr-199, Doc. No. 45: Judgment at 1-2). The Court dismissed the defendant's subsequent Motion to Vacate under § 2255 on March 13, 2012. (Case No. 3:08-cv-553, Doc. No. 17: Order). The defendant filed in the instant motion on April 26, 2013, claiming that an amendment to the United States Sentencing Guidelines eliminating criminal history points for the recency of a prior conviction should result in a lesser sentence. (Doc. No. 70).

1

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is no mention in the instant motion that the defendant first secured the necessary authorization to file a second, successive motion under § 2255, nor is there any indication of such in the record. Therefore, the Court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Even if the Court were to consider the merits of the defendant's motion, it would be denied. The change in the guidelines on which the defendant relies is not retroactive; therefore, he is not entitled to relief. United States v. Barnes, 480 F.

App'x 231, 238 (4th Cir. May 11, 2012).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 12, 2012

Robert J. Conrad, Jr.
Chief United States District Judge